UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

---

| | |
|---|---|
| POWERPAY, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: |
| | : |
| SCOTTSDALE INSURANCE COMPANY, | : |
| | : |
| Defendant. | : |

---

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)

Scottsdale Insurance Company ("Scottsdale"), removes this action from the Superior Court of the State of Maine, Cumberland County, to this Court under 28 U.S.C. §§ 1332, 1441 and 1446. As grounds for removal, Scottsdale states the following:

## NATURE OF THE ACTION

1. This is a coverage action brought by PowerPay, LLC ("PowerPay") against its insurer in Maine Superior Court, Cumberland County, captioned <u>PowerPay, LLC v. Scottsdale Insurance Company</u>, No. CV-2013-70 (the "Coverage Action").

2. The Coverage Action involves an insurance dispute between PowerPay and Scottsdale regarding an employment discrimination claim filed with the Maine Human Rights Commission by former PowerPay employee Judson F. Smith.

3. PowerPay sought coverage for the claim under Business and Management Indemnity Insurance Policy No. EKS3038198, issued by Scottsdale to PowerPay for the policy period from May 9, 2011 to May 9, 2012.

## BASES FOR JURISDICTION

4.  The parties in this matter are diverse.  Upon information and belief, and according to the Complaint in the Coverage Action, PowerPay is a Maine limited liability company with offices in Portland, Maine.  Scottsdale is an Ohio corporation with its principal place of business located in Scottsdale, Arizona.  As such, Scottsdale is a citizen of Ohio and Arizona for purposes of this litigation.  See 28 U.S.C. § 1332(c).

5.  Exclusive of interest and costs, the claim in this case exceeds $75,000.00.

6.  Accordingly, this Court has diversity jurisdiction over this action.

## TIMELINESS OF THIS NOTICE

7.  On or about November 14, 2013, Scottsdale accepted service of the Summons and Complaint.  This Notice of Removal is timely under 28 U.S.C. §1446(b), because it is filed within thirty days of the date of service of the Summons and Complaint.  See, e.g., Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").  A copy of the Complaint is attached as Exhibit A, the Summons as Exhibit B, and the Acceptance of Service as Exhibit C.

## VENUE

8.  The United States District Court for the District of Maine is the appropriate court for filing a Notice of Removal from the Cumberland County Superior Court because it is the District embracing the place where the state court action is pending.  See 28 U.S.C. § 1441(a).

## OTHER REMOVAL PROCEDURES

9. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to opposing counsel and filed with the Clerk of Court for the Cumberland County Superior Court.

10. By removing the action to this Court, Scottsdale does not waive any defenses, objections, or motions available to it under state or federal law.  Scottsdale expressly reserves the right to move for dismissal of PowerPay's claims under Federal Rule of Civil Procedure 12.

**WHEREFORE**, Scottsdale respectfully requests that this Court remove the action pending against it in the Cumberland County Superior Court for the State of Maine to the United States District Court for the District of Maine.

Dated at New Gloucester, Maine, this 13th day of December, 2013.


/s/     *Daniel R. Mawhinney*
         Daniel R. Mawhinney, Esq.
         Attorney for Defendant
         Scottsdale Insurance Company


**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112
(207) 774-2500
dmawhinney@thompsonbowie.com

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2013, I electronically filed Defendant the foregoing Notice of Removal to Opposing Counsel with the Clerk of Court via e-mail at [newcases.portland@med.uscourts.gov](newcases.portland@med.uscourts.gov).  I also hereby certify that I made service of the foregoing, by depositing a true copy of same, on this date, in the U.S. Mail, postage pre-paid, to:

U. Charles Remmel, II, Esq.
Kelly, Remmel & Zimmerman
53 Exchange Street
P.O. Box 597
Portland, ME 04112-0597

Graydon G. Stevens, Esq.
Kelly, Remmel & Zimmerman
53 Exchange Street
P.O. Box 597
Portland, ME 04112-0597

Dated at New Gloucester, Maine, this 13th day of December, 2013.

                                    /s/    *Daniel R. Mawhinney*
                                                Daniel R. Mawhinney, Esq.
                                                Attorney for Defendant
                                                Scottsdale Insurance Company

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112
(207) 774-2500
[dmawhinney@thompsonbowie.com](dmawhinney@thompsonbowie.com)